**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Abingdon Division**

---

| | |
|---|---|
| LANE ENGINEERING, INC. d/b/a/ <br> THE LANE GROUP INC. <br><br>      Plaintiff, <br><br> v. <br><br> WASHINGTON COUNTY SERVICE <br> AUTHORITY <br><br> **SERVE:** Water Authority <br>     Abingdon VA 99999 <br><br>      Defendant. | Case No. _____ |

---

## COMPLAINT

   COMES NOW Plaintiff Lane Engineering, Inc., d/b/a The Lane Group Inc., ("Lane") by counsel, for its Complaint against Defendant Washington County Service Authority, ("WCSA"), states as follows:

### NATURE OF THE CASE

   1.  In this action, Plaintiff seeks damages and injunctive relief for infringement under the Copyright Act, as well as damages for WCSA's breach of contract. This action arises from Defendant's unlawful use of copyrighted engineering drawings without Plaintiff's consent and Defendant's failure to provide Plaintiff with payment of all sums owed in connection with Defendant's termination of the contract between Plaintiff and Defendant.

## PARTIES

2.      Lane, a Virginia corporation, is an architectural and engineering firm engaged in the business of rendering professional architectural and engineering design services. Its principle place of business is 310 Valley Street, NW, Abingdon, Virginia 24210.

3.      WCSA is a water and utility company engaged in the business of water distribution and wastewater treatment in Southwest Virginia. Its principle place of business is located 25122 Regal Drive, Abingdon, Virginia 24211.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338 as this action arises under an Act of Congress relating to copyrights. Furthermore, the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because Count II of the Complaint, arises from a common nucleus of operative facts as the case or controversy pled as Count I.

5.      Venue lies in this District under 28 U.S.C. § 1391(b)(1)-(2) due to the fact that: (i) both parties are Virginia residents and Defendant resides in this District and (ii) a substantial part of the events giving rise to the cause of action transpired in this District.

## FACTS OF GENERAL APPLICABILITY

6.      On or about June 27, 2016, Lane contracted with WCSA to provide certain engineering and related design services (the "Agreement") in conjunction with the Galvanized Waterline-Phase 3 Project (the "Project").  Shortly thereafter, Lane began to perform the services in accordance with provisions of the Agreement. The sole purpose of the Project is to extend and replace fresh potable water to the consuming public in Washington County Virginia. The Agreement is attached hereto as Exhibit A.

7.      Pursuant to the terms of the Agreement, Lane was to, *inter alia,* produce and submit to WCSA various engineering design plans for the Project.  In consideration for Lane's services, WCSA would pay Lane in the amounts equal to those specified in Lane's monthly invoices it submitted to WCSA, payable within 30 days.

8.      In accordance with the Agreement, Lane designed and submitted to WCSA certain engineering design plans entitled "Washington County Service Authority Galvanized Waterline Replacement Project-Phase III" (herein collectively referred to as the "Instruments of Service" and the "3G Project").

9.      The Article 6.03A. of the Agreement provided that Lane was the owner of the copyright and thus had exclusive rights to control copying, publication and distribution of The Instruments of Service.  The Instruments of Service also contained Lane's distinct logo and the following language: "The Lane Group Inc. © 2014".

10.     Lane owns a valid copyright for its 3G Project Instruments of Service created for the Project, and said instruments have been registered with the U.S. Copyright office pursuant to 17 U.S.C.  408-409.  A copy of the Certificate of Registration is attached hereto as Exhibit B.

11.     The Agreement explicitly provides that Lane would retain all ownership rights including all copyrights and the rights of reuse (subject to Lane's sole discretion), for all Instruments of Service, irrespective of whether the Project was completed, or the Agreement terminated by either party.   The Agreement provides that WCSA could make and retain copies of the Instruments of Service for informational and reference purposes only.  Further the terms of the license precluded any transfer of rights to third parties.

12.     The Agreement also provided WCSA with a limited license (the "Conditional License"), expressly conditioned on Lane's receipt of full payment for all services related to the

preparation of the Instruments of Service.  Once WCSA fulfilled the conditions set forth in the Conditional License.  WCSA was allowed to make copies for its sole reference and information.

13.     On or about March 12, 2019 WCSA provided notice to Lane that it intended to exercise its right to terminate the Agreement for convenience, effective immediately.  At the same time, WCSA served similar Notice of Termination for several other projects including an Abingdon Water Tank Storage Tank Improvement project that has some relation to the 3G project.

14.     The Agreement provides that if WCSA terminated for convenience, Lane was entitled to payment for certain termination expenses (the "Termination Expenses") including: (i) full payment for all services rendered pursuant to the Agreement, (ii) the Reimbursable Expenses directly incurred by Lane incurred in performing services pursuant to the Agreement; and (iii) reasonable expenses directly attributable to WCSA's termination of the Agreement incurred by Lane in the period of time prior to and after the Agreement's termination; such as "reassignment of personnel, costs of terminating contracts with Engineer's consultants, and other related close-out costs…."

15.     On or about April 3, 2019 in accordance with provisions contained in the Agreement, Lane submitted a final invoice to WCSA for payment in the amount of $311,297.19 reflecting the amount owed for the Termination Expenses. Prior to filing this Complaint WCSA has paid some but not all of that amount.

16.     Despite many demands, WCSA has refused to provide payment to Lane for the sums which constitute the Termination Expenses.

17.     On or about May 10, 2019, in violation of the Agreement and the Conditional License created therefrom, WCSA altered, recopied and or recast the Instruments of Service to create the appearance that the Instruments of Service were authored by the WCSA.  In doing so,

4

WCSA illegally removed Lane's logo and notice of copyright.  WCSA then published the resulting illegal copies to the public for the purpose of obtaining bids for the work entailed.  Exemplars of the original and also the recast illegal copies are attached hereto as <u>Exhibit C.</u>

18.     WCSA also made changes within the Instruments of Service that were not suggested or approved by Lane.  To the extent that WCSA had involvement of any of its own licensed engineer employees in this alteration and copying violation, that engineer has violated 19VAC10-20-740 because he lacked written approval by Lane. To the extent that the illegal copying and alteration of stamped engineering plans was accomplished by persons unlicensed to practice engineering, then such actions constitute the illegal practice of engineering.

19.     WCSA's foregoing actions have damaged Lane.

**CAUSES OF ACTION**
**Count I**
**Copyright Infringement under United States Copyright Law, 17 U.S.C. § 101 *et. seq.***

20.     Lane incorporates the allegations above as if fully set forth herein.

21.     Lane owns a valid copyright in its Instruments of Service prepared for the Project, and said drawings, plans and specifications are protected under U.S. Copyright law, 17 U.S.C. §101, et seq.

22.     Lane's copyright in its Instruments of Service is registered with the U.S. Copyright office, and said registration was made effective prior to filing this Complaint.

23.     WCSA had access to Lane's copyright materials because WCSA received originals and/or copies of the Instruments of Service directly from Lane and/or third parties and reviewed such Instruments of Service.  WCSA's action of covering over Lane's logo and copyright, recopying, recasting and altering copyrighted engineering instruments of service constitutes a *prima fascia* case of copyright violation which entitles Lane to damages.

5

### a. Termination of WCSA's Conditional License

24.     Upon WCSA's termination of the Agreement, WCSA lost the limited rights created under the Conditional License previously held in connection with the Project.

25.     WCSA infringed on Lane's copyright by using the Instruments of Service in connection with the Project and publishing the Instruments of Service for public bid in the period of time following WCSA's termination of the Agreement and Conditional License.

26.     Such actionable infringement was committed willfully by WCSA.

27.     As a direct result of WCSA's copyright infringement, Lane has suffered damages.

### b. Exceeding the Scope of the Conditional License (in the alternative)

28.     Lane incorporates the allegations above as if fully set forth herein.

29.     Alternatively, in the event that the Court determines that WCSA had some post-license with respect to the Instruments of Service WCSA's publication of the Instruments of Service on or about May 10, 2019 was in violation of the Conditional License created by the Agreement and consequently, infringed on Lane's copyright.

30.     Lane's receipt of full and complete payment from WCSA of all sums owed for services relating to Lane's preparation of the Instruments of Service; including but not limited to the Termination Expenses, was a condition precedent to WCSA's right to make any use the Instruments of Service in connection with the Project created by the Conditional License.

31.     WCSA has failed to provide complete and total payment of all sums owed for Termination Expenses. WCSA has also announced that it fully intends to continue to violate Lane's copyright.  Both in terms of copyright and the best interest of the public, WCSA should be precluded from making any alterations or changes to Lane's instruments of Service

32.     As a direct result of WCSA's foregoing failure to provide payment, WCSA had not even a Conditional License.

33.     WCSA has infringed on Lane's copyright by using the Instruments of Service in connection with the Project and has proceeded to publish the Instruments of Service for public bid.

34.     Such infringement was committed willfully by WCSA.

35.     Lane has suffered damages as a result of this infringement.

## Count II
## Breach of Contract

36.     Lane incorporates the allegations above as if fully set forth herein.

37.     The Agreement is a valid contract that created a legally enforceable obligation on WCSA to provide payment to Lane for: (i) all services performed or rendered pursuant to the Agreement, (ii) all reimbursable expenses incurred through the date of termination of the Agreement, and (iii) all Termination Expenses.

38.     WCSA breached the contract by failing to pay Lane for: (i) all services performed or rendered pursuant to the Agreement, (ii) all reimbursable expenses incurred through the date of termination of the Agreement, and (iii) all Termination Expenses.

39.     As a direct result of the foregoing, Lane has been damaged in the amount of THREE HUNDRED THOUSAND AND 00/100's Dollars ($300,000.00).

## Count III
## Injunctive Relief

40.     Lane incorporates the allegations above as if fully set forth herein.

41.     WCSA has announced and presented an intention to continue to violate Lane's copyright, both in the fashion that WCSA has previously violated Lane's copyright and in further ways such as the creation of derivative works.

42.     The alteration of Lane's instruments of Service and creation of derivative works is quite problematic from several standpoints: 1) it violates Lane's copyright and Lane suffers further damage by the misappropriation of its work and licensed engineering stamps; and, 2) it allows WCSA to change Lane's designs without consulting with an appropriate licensed professional and thus constitutes and immediate threat to public safety and welfare.

43.     The damage to Lane's professional reputation, the damages suffered by Lane and the unknown future liability to the public are difficult to ascertain and therefore may not presently be addressed by money damages.

44.     Lane indisputably owns a valid copyright in the Instruments of Service and is thus likely to prevail on the merits of its argument that WCSA has violated Lane's copyright.

45.     The equities of this Complaint and injunctive prayer strongly weigh in favor of Lane both in that it seeks protection of its undisputed intellectual property rights and also seeks to preclude unauthorized illegal alteration of plans and specifications prepared by professional engineers in designing a water distribution for the sole benefit of the consuming public.

**PRAYER FOR RELIEF**

WHEREFORE, Lane respectfully requests that this Court grant a temporary and final injunction of any further use of Lane's Instruments of Service by WCSA to prevent any further infringement of Lane's copyright by the Defendant; and the impounding and destruction or return to Lane of all original or copies of Lane's Instruments of Service in WCSA's possession or that has been provided by WCSA by third parties, if any.

FURTHERMORE AND IN ADDITION, Lane further prays that this Court award such damages as may be proved at trial, including but not limited to:

A.      An amount to be proven at trial, but not less than $250,000 for actual damages suffered as a result of WCSA's infringement of Lane's copyright;

B.      An amount to be proven at trial, but not less than $250,000 for WCSA's profits attributable to its infringement of Lanes copyright;

C.      Statutory damages and attorneys' fees and costs for WCSA's willful infringement of copyright

D.      Damages in the amount of THREE HUNDRED THOUSAND and 00/100's Dollars ($300,000.00), under Count II of the Complaint for WCSA's breach of contract for nonpayment of services rendered pursuant to the Agreement and WCSA's termination thereof;

E.      Prejudgment and post judgment interest;

F.      The costs and attorney's fees incurred by Lane in connection with Count I of the Complaint.

## DEMAND FOR A JURY TRIAL

Plaintiff, Lane Engineering, Inc., d/b/a The Lane Group Inc, respectfully demands a jury trial of all counts so triable.

Respectfully submitted,

LANE ENGINEERING, INC.
d/b/a/ The Lane Group Inc, a
Virginia Corporation

By   _/s/ Wyatt B. Durrette, III_____
                Of Counsel

Wyatt B. Durrette, Jr., Esq. (VSB No. 04719)
S. Sadiq Gill, Esq.  (VSB No. 30835)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Telecopier: (804) 775-6911
Email:  wdurrette@dagglaw.com
          sgill@dagglaw.com